Nichols, C. J.
The facts in the case at bar are substantially the same as fully stated m the case of The Employers’ Liability Assurance Corporation, Ltd., v. John Roehm, reported ante, 343. The only essential difference is to be found in the language of the policies as to notice.
In the one case the stipulated notice was to be given within thirty days, and in the other within ten days.
In Employers’ Liability Assurance Corporation case, supra, the notice clause contained a provision to the effect that notice must be given “unless such notice may be shown not to have been reasonably possible.” Such exception is not written in the notice clause in the case at bar.
The failure to specifically include the exception mentioned is of little or no importance, for manifestly such exception must be read into any provision of this character. The law does not require, in circumstances of this kind, that a party do the impossible thing; or, to put it in another way, in the case at bar the insured must be held to have the same right to justify and explain his failure to give the notice within ten days, as we have held that he had in the case where the excusing clause was actually written in the policy.
The judgment in this case must be affirmed, for the reason that John Roehm did not have, within ten days from the time of the accident, any knowledge whatever that he had suffered an injury of the character he afterwards discovered, nor any injury at all for that matter, upon which a claim *352 for damages could be based. Situated as he was during the passage of the period stipulated for notice, unaware that any harm had befallen him, the giving of notice then must have appeared to John Roehm, as it would have appeared to any other reasonable and prudent man under like circumstances, as a foolish and futile thing. At any rate, he is entitled to the judgment of a jury as to the reasonableness of his conduct under the circumstances.
The judgment of the court of appeals is therefore affirmed, and the cause is remanded to the court of common pleas of Montgomery county with instructions to overrule the demurrer of the insurance company, and for further proceedings according to law.

Judgment affirmed and cause remanded.

Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.